**UNION BANK, Appellant,**

v.

**Robert A. HOSKINS, Appellee.**

No. 22944.

United States Court of Appeals, Ninth Circuit.

March 11, 1970.

---

**1312**

Myron W. Curzon (argued), Los Angeles, Cal., for appellant.

Noel G. Conway (argued), Santa Ana, Cal., for appellee.

Before HAMLEY and CARTER, Circuit Judges, and CROCKER, District Judge.*

PER CURIAM:

Union Bank, an objecting creditor in this bankruptcy proceeding, appeals from a district court order affirming an order of the referee granting a discharge to the bankrupt, Robert A. Hoskins. The bank's primary points on appeal are that a discharge should have been denied because: (1) Hoskins, without justification, failed to keep or preserve books of account or records, as required by section 14(c) (2) of the Bankruptcy Act (Act) 11 U.S.C. § 32(c) (2), and (2) he failed to explain satisfactorily his disposition, in 1962, 1963 and 1964, of $13,-000 in cashier's checks with resulting deficiency of his assets, as required by section 14(c) (7) of the Act, 11 U.S.C. § 32(c) (7).

After considering the testimony and exhibits, the referee ruled that Hoskins' books and records were sufficient to ascertain his financial condition and the extent and nature of his business transactions. The referee found some deficiencies in the books and records with regard to personal transactions which were five or six years old. However, the referee expressed the view that Hoskins maintained his records "as to those personal affairs as well as could be expected from any normal person."

The district court, in affirming the order discharging the bankrupt, modified the referee's finding by adding:

"To the extent that bankrupt has failed to keep or preserve his books of account or records, the court deems such acts or failure to have been justified under all the circumstances of the case."

The bank's basic objections involve an alleged failure on the part of bankrupt to maintain complete records of certain transactions which occurred in 1961 and 1962. According to the referee, these transactions were adequately explained by bankrupt. They apparently involved loans to and from family members and close friends.

Under Order No. 47, U.S.C. General Orders in Bankruptcy, a reviewing court is to accept the referee's findings of fact unless clearly erroneous. In our view the findings of the referee are adequate, and are not clearly erroneous.

We conclude that the district court did not err in affirming the referee's order.

Affirmed.

---

* The Honorable M. D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.